UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CARL KOYLE,

          **Plaintiff,**

      v.                                          Case No. 25-CV-1457

BLACK DIAMOND WI, LLC, and
ANDREW DAVID NICKELATTI,

          **Defendants.**

---

## DECISION AND ORDER

    Carl Koyle brought this action against Black Diamond WI, LLC, and its owner, operator, and manager Andrew David Nickelatti for violations of the Fair Labor Standards Act (FLSA) and Wisconsin's Wage Payment and Collection Laws (WWPCL) regarding unpaid wages. Despite being served on November 14, 2025 (ECF Nos. 5, 6), neither defendant answered or otherwise defended this action.

    At the plaintiff's request (ECF No. 7), the Clerk entered default on December 16, 2025. The following day, Koyle sought default judgment pursuant to Fed. R. Civ. P. 55(b)(2). (ECF No. 9.)

    The court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1367. The court is likewise satisfied that it has personal jurisdiction over the defendants, a Wisconsin resident and a limited liability company organized under the laws of Wisconsin. The court accepts as true all the factual allegations in the complaint and

finds that the defendants violated the FLSA and the WWPCL. Koyle sustained damages of $2,210.00 as a result of 110.50 hours of unpaid work at the agreed upon rate of $20 per hour. He is further entitled to $1,105.00 as a civil penalty pursuant to Wis. Stat. § 109.11(2)(a). Thus, under the WWPCL, Koyle is entitled to total damages of $3,315.00.

Koyle argues that under the FLSA he is separately entitled to liquidated damages in the amount of the unpaid minimum wages. Under the FLSA, Koyle would have been entitled to damages of the unpaid minimum wage (110.50 hours at $7.25 per hour for a total of $801.13) plus liquidated damages for equal to the unpaid minimum wage totaling and additional $801.13 for a total of $1,602.26.

Koyle acknowledges that he is not entitled to his agreed-upon wage of $20 per hour plus $7.50 an hour. (ECF No. 10 at 6.) But he argues he is nonetheless entitled to liquidated damages in the amount of the unpaid minimum wage. (ECF No. 10 at 6.) Thus, he seeks total damages of $4,116.63 comprised of the $3,315.00 he is entitled to under the WWPCL plus $801.13 in liquidated damages under 29 U.S.C. § 216(b).

Judge Stadtmueller of this court recently rejected this argument regarding the stacking of the FLSA's liquidated damages provision and the WWPCL's civil penalty provision, holding that plaintiffs seeking relief under the overlapping FLSA and WWPCL are limited to one theory of recovery. *Ehleiter v. Goodwheel LLC*, No. 25-CV-212-JPS, 2025 U.S. Dist. LEXIS 133139, at *9 (E.D. Wis. July 14, 2025).

The court agrees that the principle is correct—it is well established that a plaintiff ordinarily can recover only once for an injury. *See Janusz v. City of Chi.*, 832

2
Case 1:25-cv-01457-BBC    Filed 01/21/26    Page 2 of 7    Document 12

F.3d 770, 774 (7th Cir. 2016). However, the FLSA's liquidated damages provision, 29 U.S.C. § 216(b), primarily serves a different purpose than the WWPCL's "increased wages," Wis. Stat. § 109.11(2)(a). "[T]he liquidated damage provision is not penal in its nature but constitutes compensation for the retention of a workman's pay which might result in damages too obscure and difficult of proof for estimate other than by liquidated damages." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945). The "increased wages" provision, however, is primarily a punitive "civil penalty." Wis. Stat. § 109.11(2).

Thus, recovery of liquidated damages under the FLSA and increased wages under the WWPCL is not duplicative because, although arising from the same conduct, each addresses a distinct harm and serves a distinct purpose. A plaintiff cannot recover his wages twice, but an unpaid or underpaid worker can recover both liquidated damages under the FLSA and enhanced damages under a parallel state law. *See Evans v. Loveland Auto. Invs., Inc.*, 632 F. App'x 496, 498-99 (10th Cir. 2015) (citing *Mathis v. Housing Auth.*, 242 F. Supp. 2d 777, 790 (D. Or. 2002); *Morales v. Cancun Charlie's Rest.*, No. 3:07-cv-1836 (CFD), 2010 U.S. Dist. LEXIS 125516, 2010 WL 7865081, at *9 (D. Conn. Nov. 23, 2010) (unpublished); *Do Yea Kim v. 167 Nail Plaza*, No. 05 CV 8560 (GBD), 2008 U.S. Dist. LEXIS 52004, 2008 WL 2676598, at *3 (S.D.N.Y. July 7, 2008) (unpublished)).

Granted, not all states' parallel wage and hour laws are sufficiently distinct from the FLSA to support recovery under an enhanced damages provision of each. *See Muhammed Chowdhury v. Hamza Express Food Corp.*, 666 F. App'x 59, 61 (2d

3

Cir. 2016) (holding that plaintiff could not recover under both FLSA and parallel New York liquidated damages provisions because state intended its provision to track the FLSA); *Smith v. Micron Elecs., Inc.*, No. CV-01-244-S-BLW, 2005 U.S. Dist. LEXIS 2990, at *25 (D. Idaho Feb. 4, 2005). But the court finds that the WWPCL is sufficiently distinct from the FLSA so that recovery of both liquidated damages and increased wages is not duplicative.

There is also plausible hybrid position whereby, even if the FLSA and state law enhanced damages provisions overlap, a plaintiff who is paid wages that are both below the minimum wage (in violation of the FLSA) and less than the agreed-upon rate (in violation of the WWPCL) could recover liquidated damages on the amount paid below the minimum wage and increased wages calculated on any unpaid amount above the minimum wage. This view accepts that liquidated damages under the FLSA serve both a compensatory and punitive purpose. After all, if liquidated damages were purely compensatory, whether the employer acted in good faith would appear irrelevant. *See* 29 C.F.R. § 790.22; *see also Graefenhain v. Pabst Brewing Co.*, 870 F.2d 1198, 1205 (7th Cir. 1989) (discussing liquidated damages under the Age Discrimination in Employment Act).

Nonetheless, a worker who receives nothing—not even the subsistence level of compensation that the minimum wage was once intended to represent—suffers a harm different than a worker who is simply not paid all that he is owed. Viewed in this light, it is arguable that a worker who is paid nothing suffers two distinct harms—one from being paid nothing (or simply less than the minimum wage) and a

4

second from not being paid all he was owed. Or stated another way, an employee who is promised $20 an hour but receives nothing suffers a harm distinct from an employee who is promised $40 per hour but receives only $20. Because the WWPCL would treat these violations as identical, when faced with the first example, it is appropriate to look to the FLSA to address the harm that arose from the failure to pay at least the minimum wage. Applied to Koyle, this approach would mean that he would be entitled to 100 percent of the unpaid sum in liquidated damages under the FLSA for any amount below the minimum wage (which here would be $7.25 because he was paid nothing), and then any amount above the minimum wage but below the agreed-upon rate (which here would be $12.75) would be subject to the 50 percent civil penalty under the WWPCL. This approach gives effect to the distinct purposes underlying both statutes but avoids double recovery for the same failure to pay the first $7.25 per hour.

However, this argument is not properly before the court. Rather the court accepts that the liquidated damages provision of the FLSA and the increased wages provision of the WWPCL serve different purposes and therefore recovery under both provisions does not result in an impermissible double recovery. See *Evans*, 632 F. App'x at 498-99.

Koyle further seeks costs of $580.00 and attorney fees of $7,515 comprised of 16.7 hours of attorney time at $450.00 per hour. (ECF No. 10 at 9.) Although counsel points to 18 cases where courts have approved his fee (ECF No. 11, ¶ 9) and represents this as his current billing rate (ECF No. 11 at 8), he has not identified any

5

instance where he was compensated at that rate by a fee-paying client. Rather, counsel's practice appears to consist entirely of work done on a contingent fee or fee-shifting basis. In every instance counsel cites of a court having approved his hourly rate, the court did so only in the context of granting an unopposed motion for attorney fees as part of an overall settlement.[1]

Identifying an appropriate hourly rate for work performed on a fee-shifting or contingent fee basis is particularly challenging. *See Curtis v. Stone Ridge Mkt., LLC*, No. 20-CV-46, 2020 U.S. Dist. LEXIS 261012, at *3-*11 (E.D. Wis. Apr. 28, 2020). Courts routinely look to rates identified by similar practitioners or approved by courts in other instances. However, similarly situated practitioners have a mutual interest in assuring the highest rates for themselves and their peers. And court approvals are heavily influenced by factors other than the objective reasonableness of the fee. Even when fees are approved by defendants, this approval may reflect an overall interest in settlement rather than a concession as to the reasonableness of the fee or the hourly rate.

As compared to similar work performed for a fee-paying client, an attorney working exclusively on a contingent or fee-shifting basis may be entitled to a slightly higher overall rate so as balance out instances where work proves to be un-compensable. Viewed in that light, although at the higher end of what the court would consider reasonable, given the posture of the case, the court will nonetheless approve

---

[1] One case number counsel provided is incorrect.

6

Case 1:25-cv-01457-BBC    Filed 01/21/26    Page 6 of 7    Document 12

counsel's hourly rate. The court likewise finds the hours expended on this matter to be reasonable.

Accordingly, the court will award the plaintiff the full amount of costs and attorneys fees sought and enter judgment against the defendants, jointly and severally, *see Choua Yang v. Arora Hosp. LLC*, No. 23-CV-1007-JPS, 2024 U.S. Dist. LEXIS 35015, at *11 (E.D. Wis. Feb. 29, 2024),

**IT IS THEREFORE ORDERED** that the plaintiff's motion for default judgment is **granted**. The Clerk shall enter judgment in favor of Carl Koyle and against Black Diamond WI, LLC, and Andrew David Nickelatti, jointly and severally, in the amount of **$12,211.63**, comprised of $2,210 in unpaid wages, $1,105.50 in increased wages under Wis. Stat. § 109.11(2)(a), $801.13 in liquidated damages under 29 U.S.C. § 216(b), $7,515 in attorney fees, and $580 in costs.

Dated at Green Bay, Wisconsin this 21st day of January, 2026.

*s/ Byron B. Conway*
BYRON B. CONWAY
U.S. District Judge
